UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2025
```

SURESH KUMAR,

               Petitioner,

-against-

UNITED STATES,

               Respondent.

1:22-cv-4874 (MKV)

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Suresh Kumar was convicted by a jury of multiple felonies for his role in burning down a hotel he owned for insurance money. Four people died, and fifteen others were injured. Kumar was sentenced to life in prison.

Kumar has pursued multiple previous challenges to his conviction and sentence, which have withstood both direct appeal and collateral attacks. Kumar now petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing actual innocence and citing Supreme Court cases [ECF No. 1 (the "Petition")]. For the reasons set forth below, the Petition is DENIED.

## I.    BACKGROUND[1]

Petition Suresh Kumar owned and operated a Howard Johnson hotel in Bowling Green, Kentucky together with his wife and her brother, "Dave Sharma." Petition at 1–2. In 1996, a fire destroyed the hotel, killed four people, and injured fifteen others. *See id.* at 1; Opp. at 1. Kumar later filed an insurance claim seeking more than $4.5 million. Opp. at 1.

---

[1] The facts are taken from the Petition, which attaches certain records from the trial court and a newspaper article, and from the government's opposition [ECF No. 10 ("Opp.")]. The Court has also reviewed the parties' letters in this case [ECF Nos. 6, 8, 11, 12, 13] and opinions resolving Kumar's previous challenges to his conviction and sentence. *See United States v. Logan*, 187 F.3d 639, 1999 WL 551353 (6th Cir. July 19, 1999), *cert. denied*, 529 U.S. 1129 (2000); *Kumar v. United States*, 163 F. App'x 361, 363 (6th Cir. 2006), *cert. denied*, *Kumar v. United States*, 549 U.S. 865 (2006).

1

A federal grand jury, sitting in the Western District of Kentucky, indicted Kumar and Joe Logan, a hotel janitor. Petition at 2. The government also sought to arrest Sharma, but he had fled the country. *See id.*

Kumar had a trial. The government presented the jury with "undercover tape[s]" created by an "informant," Earnest Evans, "a hotel maintenance-man." Petition at 2. The government argued successfully that Kumar and Sharma, together, had conspired to offer Logan money to start a fire, which Logan did. *See id.* Pertinent to Kumar's Petition, the evidence included witness testimony that a desk clerk, Jamie Rigsby (who was not a witness at the trial), had "announce[d] that Kumar was on [the] line for Dave Sharma," who, other evidence showed, proceeded to speak with Logan about the fire while Kumar remained on the phone and "could hear." *Id.*[2]

The jury convicted Kumar of all three counts with which he was charged: (i) conspiracy to commit arson, in violation of 18 U.S.C. § 371; (ii) arson resulting in death, in violation of 18 U.S.C. § 844(i), and aiding and abetting the same, in violation of 18 U.S.C. § 2; and (iii) mail fraud in violation of 18 U.S.C. § 1341. Opp. at 1; see Petition at 2.

Kumar was sentenced to life imprisonment. *Id.* at 1, 5; Opp. at 1. As Kumar's own Petition makes clear, the sentencing court found that "Mr. Kumar acted knowingly or with awareness that his actions were practically certain to create a substantial risk of death or serious injury." Petition, Ex. 1 ("Sentencing Tr.") at 23-18:20–22; *see* Petition at 5.

Kumar filed a direct appeal, and the United States Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. *See United States v. Logan*, 187 F.3d 639, 1999 WL 551353

---

[2] As the Sixth Circuit has pointed out both on direct appeal and in affirming the denial of a prior petition by Kumar for habeas corpus, the government also presented evidence that a separate call "in which Sharma spoke with Logan about arson plans originated from Kumar's residence." *Logan*, 1999 WL 551353, at *4; *accord Kumar*, 163 F. App'x at 363–64. The government also presented evidence "that Kumar had a scheme of renovating his hotels by means of insurance proceeds from intentionally set fires," including "five fires" at a Travelodge hotel in Nashville. *Logan*, 1999 WL 551353, at *2, *4; *see Kumar*, 163 F. App'x at 364.

2

(6th Cir. July 19, 1999). The Sixth Circuit considered and rejected Kumar's arguments that, *inter alia*, the testimony about Rigby's "announce[ment]" that Kumar was on the phone was hearsay, the district court erred by admitting evidence of prior fires and insurance claims at Kumar's other hotel, there was insufficient evidence to support Kumar's convictions, and the trial court erred in instructing the jury. The Supreme Court of the United States denied Kumar's petition for certiorari. *Kumar v. United States*, 529 U.S. 1129 (2000).

Thereafter, Kumar filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel, among other things. The district court denied the petition, and the Sixth Circuit affirmed. *Kumar v. United States*, 163 F. App'x 361 (6th Cir. 2006). The Supreme Court denied certiorari. *Kumar v. United States*, 549 U.S. 865 (2006).

Kumar later moved for an order authorizing him to file a second or successive § 2255 petition, arguing that the sentencing court had illegally enhanced his sentence based on judge-found facts, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and other Supreme Court cases, and seeking appointment of counsel, which motion the Sixth Circuit denied. *See In re Kumar*, No. 06-5049 (6th Cir. Aug. 3, 2006) (unpublished order); *see also In re Kumar*, No. 18-5098 (6th Cir. May 29, 2018) (unpublished order) [Dkt. No. 11-2 ("2018 Op.") at 1].

Thereafter, in 2018, Kumar again moved for authorization to file a second or successive § 2255 petition. Kumar "argu[ed] that his family had contacted a potential witness who would prove that he is actually innocent of the conspiracy charge," Rigsby the desk clerk, who "has since stated to Kumar's family and to Kumar himself that she never accepted a phone call from Kumar at the hotel desk" at the relevant time. 2018 Op. at 2. At that time, Kumar "admit[ted]" that Rigsby had "ignored his requests to obtain her statement in writing" (indeed, she was "hostile") and, therefore, requested "appointment of counsel to help him secure a statement, affidavit, or deposition." *Id*.

3

The Sixth Circuit denied Kumar's motion. It explained that any claim based on Rigsby's "potential statement" was "only speculative." *Id.* The Sixth Circuit also explained that Kumar had "raised the possibility of Rigsby providing a favorable statement in support of his first § 2255 motion" which meant it was "not 'newly discovered evidence.'" *Id.* Crucially, moreover, the Sixth Circuit concluded: "Even with a favorable statement from Rigsby, Kumar would still fail to show that 'no reasonable factfinder would have found [him] guilty' of the conspiracy" because there was "an abundance of testimony and documentary evidence in upholding Kumar's conspiracy conviction" besides the phone call in question. *Id.* at 3.

Kumar now is imprisoned at FCI Otisville, which is located in the Southern District of New York. He filed a petition in this Court for a writ of habeas corpus pursuant to "the Savings Clause under 28 U.S.C. § 2241" [ECF No. 1 (the "Petition") at 1]. He argues that he is innocent, at least with respect to his conviction for arson resulting in death, in violation of 18 U.S.C. § 844(i), and aiding and abetting the same, in violation of 18 U.S.C. § 2, because he lacked the required mental state for guilt in light of the Supreme Court's opinions in *Borden v. United States*, 593 U.S. 420, (2021), and *Rosemond v. United States*, 572 U.S. 65 (2014).

In effect, Kumar argues that he was sentenced pursuant to the sentencing guideline for "Felony Murder" or "first degree murder." Petition at 4, 8. However, Kumar contends, he did not intend or know that the hotel fire would cause death. *Id.* at 7 ("Kumar's conduct could not be anything more than a 'recklessly' causing the deaths of his hotel guests [sic] . . . ."). As such, Kumar contends, this Court should "[r]educe Kumar's sentence to time serve[d] for the [sic] Second Degree Murder," or order a hearing on his request for such a resentencing. *Id.* at 9. Kumar also now asserts that Rigsby "was taped" stating that she did not accept the phone call to the hotel in which Kumar participated in the arson conspiracy. Petition at 4.

4

## II.     LEGAL STANDARD

"In general, federal prisoners who seek to collaterally attack the basis for imposing a sentence—including by challenging the underlying conviction—must move 'to vacate, set aside or correct the sentence' under 28 U.S.C. § 2255(a)" in the district where sentence was imposed. *Dhinsa v. Krueger*, 917 F.3d 70, 80–81 (2d Cir. 2019).  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) strictly limits the filing of a second or successive § 2255 petition. *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023).  Pursuant to AEDPA, a petitioner may not file a successive habeas petition under 28 U.S.C. § 2255 unless the petition "contain[s]: '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (quoting 28 U.S.C. § 2255(h))

In some circumstances, however, "the savings clause in § 2255(e) . . . confers federal habeas jurisdiction where it would not otherwise exist: a federal prisoner may pursue a petition under § 2241," in the district of confinement, "if it 'appears that the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Dhinsa*, 917 F.3d at 81 (brackets in original) (quoting 28 U.S.C. § 2255(e)).  The savings clause "preserves recourse to § 2241" in "unusual circumstances." *Jones*, 599 U.S. at 478.

"The saving clause does not, however, permit 'an end-run around' the 'two—and only two—conditions in which a second or successive § 2255 motion may proceed' as described in § 2255(h)." *Walton v. Warden*, 2023 WL 5011933, at *1 (2d Cir. Aug. 7, 2023) (quoting *Jones*, 599 U.S. at 477).  In particular, the Supreme Court has held, a federal prisoner "may not" file a second

5

or successive § 2255 petition "based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved," and "that limitation on second or successive" § 2255 petitions "does not" make § 2255 "inadequate or ineffective" for purposes of obtaining jurisdiction under the savings clause to proceed under § 2241. *Jones*, 599 U.S. at 470–71.

### III. DISCUSSION

The Court lacks jurisdiction under the savings clause to entertain Kumar's § 2241 petition. The two Supreme Court opinions that Kumar invokes to challenge his sentence, *Borden v. United States*, 593 U.S. 420 (2021), and *Rosemond v. United States*, 572 U.S. 65 (2014), are both statutory interpretation cases that were decided after Kumar was sentenced and his previous collateral attacks were denied. Although the statutes at issue in *Borden* and *Rosemond* were not the basis for any of Kumar's convictions, he relies on the discussion of *mens rea* requirements in those opinions to argue, in his current Petition, that sentencing Kumar under the guideline for felony murder was "against the spirits" of those later decisions. Petition at 9. As such, Kumar's § 2241 petition is precisely what the Supreme Court in *Jones* rejected as an "end-run" around the strict limitations on successive 2255 petitions imposed by AEDPA. *Jones*, 599 U.S. at 470–71, 477. As such, the Court must deny the Petition on this ground alone.

In any event, neither *Borden* nor *Rosemond* provides any support for Kumar's arguments. In *Borden*, the Supreme Court, interpreting the Armed Career Criminal Act (ACCA), held that a criminal offense does not "count as a 'violent felony'" for purposes of the ACCA "if it requires only a *mens rea* of recklessness." *Borden*, 593 U.S. at 423. In *Rosemond*, the Supreme Court held that a defendant must have "advance knowledge that a confederate would use or carry a gun" to

6

be guilty of aiding and abetting the use or carrying of a firearm during and in relation to a crime of violence or drug trafficking crime under 18 U.S.C. § 924(c).  *Rosemond*, 572 U.S. at 67.

Kumar was convicted of (i) conspiracy to commit arson, in violation of 18 U.S.C. § 371; (ii) arson resulting in death, in violation of 18 U.S.C. § 844(i), and aiding and abetting the same, in violation of 18 U.S.C. § 2; and (iii) mail fraud in violation of 18 U.S.C. § 1341.  Opp. at 1; *see* Petition at 2.  Kumar argues that, based on the descriptions of various mental states in *Borden*, he was merely reckless and, therefore, he should have received a downward departure under the applicable sentencing guidelines.  *See* Petition at 7, 9.  Indeed, Kumar asserts that the sentencing court agreed that his conduct was merely reckless.  *See id*. at 9.  However, as Kumar makes clear in his own Petition, including the excerpt of the sentencing transcript he attached as an exhibit, the sentencing court found that "Mr. Kumar acted knowingly . . . ."  Sentencing Tr. at 23-18:20–22.  In any event, the decision whether or not to apply a downward departure based on a finding that Kumar did *not* knowingly cause the four deaths was within the discretion of the sentencing court.  *See* Application Note 1 to §2A1.1 ("If the defendant did not cause the death intentionally or knowingly, a downward departure ***may*** be warranted") (emphasis added); *United States v. Tocco*, 135 F.3d 116, 131 (2d Cir. 1998).

Kumar similarly seems to argue that, under *Rosemond*, he is innocent of arson resulting in death and aiding and abetting the same because he did not know in advance that people would die. *See* Petition at 11.  Specifically, Kumar argues that the trial court should have instructed the jury to "determine if Kumar was willing to aid and abet, if he would have known that a co-conspirator was hell bent on continuing with the arson against all odds, even if it was clear there was a possibility or even certainty of injuries or deaths."  *Id*.  However, the Supreme Court's decision in *Rosemond*, discussing 924(c), does nothing to alter the elements of arson resulting in death under

7

18 U.S.C. § 844(i), or aiding and abetting that offense, under 18 U.S.C § 2. Indee, the Court notes that 18 U.S.C. § 844(i) does not contain any *mens rea* requirement. There is simply no authority for Kumar's proposed instruction.[3]

In all events, Kumar has not pointed to any "unusual circumstances" to justify "recourse to § 2241." *Jones*, 599 U.S. at 478. There is absolutely nothing unusual about a defendant arguing that a sentencing court should have applied a downward departure or that a trial court should have instructed the jury differently. Kumar has previously availed himself of every opportunity to attack his conviction and sentence on direct appeal and in a § 2255 petition. As the *Jones* Court made clear, Kumar is not entitled to bring a second or successive collateral attack based on subsequent statutory interpretation cases, which are completely inapt regardless. At bottom, Kumar seems to ask this Court to rule that "[a]fter serving 27 years in prison" and "at the age of approximately 70," Kumar has served enough time in prison [ECF No. 12]. This Court, however, has no authority to, in effect, commute his sentence.

With respect to Kumar's assertion that Rigsby "was taped" saying she did not accept a certain call from Kumar, Petition at 4, the Sixth Circuit has already concluded that such a statement from Rigsby would not support a second or successive § 2255 petition. Under AEDPA, a federal prisoner may file a second or successive § 2255 petition based on new evidence that would be sufficient to establish that no reasonable factfinder would have found the movant guilty. *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2255(h). Here, as the Sixth Circuit previously explained, an "abundance of testimony and documentary evidence" aside from the phone call in question proved Kumar guilty of the arson and insurance fraud conspiracy that took the lives of four innocent people and injured fifteen others.

---

[3] The Court also notes that Kumar unsuccessfully raised a challenge to jury instructions on direct appeal.

## IV.     CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED and the case is DISMISSED.  The Clerk of Court respectfully is requested to mail a copy of this Order to Petitioner and to close this case.

The Petitioner may not file another petition "within the scope of § 2255 . . . without court of appeals authorization."  *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003).

**SO ORDERED.**

Date:  **August 26, 2025**  
       **New York, NY**

**MARY KAY VYSKOCIL**  
**United States District Judge**

9